# EXHIBIT "A"

Jared Peterson, Esq. (State Bar No. 270473)
Law Office of Jared Peterson
2003 South El Camino Real, Suite 119
Oceanside, California 92054
Telephone: (866) 328-4060
E-mail: jared@jaredpetersonlaw.com

Attorney for Janet Malauulu

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**06/20/2018** at 02:37:14 AM
Clerk of the Superior Court
By Darren Galbiso, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF SAN DIEGO

| | |
|---|---|
| Janet Malauulu, as representative for the Estate of Johnny Malauulu, <br><br> Plaintiff, <br><br> v. <br><br> Wal-Mart Stores, Inc., a Delaware corporation, and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.: 37-2018-00030291-CU-WT-NC <br><br> **PLAINTIFF'S COMPLAINT FOR** <br><br> **(1) WRONGFUL TERMINATION - FEHA;** <br> **(2) WRONGFUL TERMINATION – PUBLIC POLICY;** <br> **(3) DISABILITY DISCRIMINATION;** <br> **(4) AGE DISCRIMINATION;** <br> **(5) FAILURE TO PREVENT DISCRIMINATION;** <br><br> **JURY TRIAL REQUESTED** |

TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:

Janet Malauulu, as representative for the Estate of Johnny Malauulu, alleges as follows:

### PARTIES

1.      That at all times mentioned herein Janet Malauulu, as representative for the Estate of Johnny Malauulu ("Plaintiff") was a resident of the City of Oceanside, in the County of San Diego, State of California.

///

///

2.     Plaintiff is informed and believes and upon such information and belief alleges that at all times herein Defendant Wal-Mart Stores, Inc. ("Walmart") was and is a Delaware corporation doing business in the County of San Diego, State of California.

3.     Plaintiff does not know the true names and capacities of the defendants sued herein as DOES 1 through 20 ("Doe Defendants"), inclusive, and therefore sues said Doe Defendants by fictitious names. Plaintiff is informed and believe and based on such information and belief aver that each of the Doe Defendants is contractually, strictly, negligently, intentionally, vicariously liable and or otherwise legally responsible in some manner for the acts and omissions described herein. Plaintiff will amend this Complaint to set forth the true names and capacities of each Doe Defendant when same are ascertained.

4.     Plaintiff is informed and believe and based on such information and belief avers that Defendants, and each of them, are and at all material times have been, the agents, servants or employees of each other, purporting to act within the scope of said agency, service or employment in performing the acts and omitting to act as averred herein.

5.     Each of the Defendants named herein are believed to, and are alleged to have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged.

## GENERAL ALLEGATIONS

6.     Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 5, inclusive, as though fully set forth herein.

7.     On April 15, 1994, Johnny Malauulu ("Malauulu") began working at the Walmart store located at 1800 University Drive, Vista, California 92083.

8.     On December 27, 1994, Malauulu was transferred to the store located at 705 College Boulevard, Oceanside, California 92057. This location had just opened. Over the course of the 22 years Malauulu worked at Walmart he had several different positions, including: door greeter, stocking in the health department, stocking in the food department, stocking in the frozen foods department,

1  maintenance, returns, garden center, toys, clothes and cashier.   Malauulu was a cashier for
2  approximately five years.

3       9.      In the late spring of 2016, Malauulu was working in returns when he was moved to
4  stocking in the frozen foods section.   Only days after being transferred to this position, he was
5  transferred again to stocking in the foods section.   Again only days after being transferred to this
6  position, Malauulu was moved again to the position of door greeter.   After being in this position for only
7  about one month Malauulu was informed that the store was eliminating the door greeter position and he
8  would be laid off unless he accepted a position in maintenance, where he would be required to clean
9  bathrooms, mop floors and perform other similar tasks.   The managers at the store were made aware that
10  it would be impossible for Malauulu to perform the duties of the position because he has severe
11  scoliosis.   In addition, Malauulu was born without kneecaps and is unable to bend his legs.   Malauulu
12  asked if there were any other positions available where he could be transferred.   Walmart management
13  told him there was nothing else.   Therefore, Malauulu was terminated on July 8, 2016.

14       10.      The reason for Malauulu's termination, as stated in the documentation provided to him,
15  was "no work."   However, another employee at the store who was also a door greeter was offered a
16  position in the shoe department.   This employee's only experience at the store was as a door greeter, and
17  he had worked at Walmart for a fraction of the time Malauulu was employed there.   Additionally, the
18  very week Malauulu was terminated the store hired new employees to fill positions for which Malauulu
19  was qualified.   Additionally, Walmart still has door greeters even though Malauulu was told the position
20  was being eliminated.

21       11.      Malauulu's situation is not isolated.   Walmart has been making a concerted effort to
22  remove disabled employees from other stores in the San Diego area.   There is a pattern and practice of
23  discrimination against employees with disabilities.

24       12.      Malauulu has competently and zealously performed the duties of the positions he has
25  held at Walmart.   His competency is evidenced by the fact that he worked on the registers for five years,
26  which is a difficult position at a large retailer like Walmart.   Evidence of his great attitude is the way
27  customers grew to love his friendly and happy demeanor, and how many have asked other employees
28  what happened to Malauulu, one of their favorite Walmart employees.

13.     Malauulu passed away in March of 2018.

14.     Malauulu was injured financially as a result of Walmart's actions.     Additionally, Malauulu suffered severe emotional distress as a result of Walmart's discriminatory acts against him. Plaintiff now seeks to recover for Malauulu's injuries.   In addition, Plaintiff is entitled to punitive damages.

### FIRST CAUSE OF ACTION

### WRONGFUL TERMINATION - FEHA

### (Against Walmart and DOES 1 through 20)

15.     Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 14, inclusive, as though fully set forth herein.

16.     At all times herein mentioned, the Fair Employment and Housing Act, Government Code sections 12900-12996 (hereinafter "FEHA"), was in full force and effect and binding on Defendants. These statutes required Defendants to refrain from discriminating against any employee on the basis of disability or age. Within the time provided under FEHA, Malauulu filed complaints against Defendant Walmart with the Department of Fair Employment and Housing alleging wrongful termination based on disability and age discrimination in full compliance with these sections, and received right-to-sue letters. Attached hereto and incorporated herein by reference as Exhibit "A" is true and correct copy of the right-to-sue notice received by Malauulu.

17.     Pursuant to FEHA, employers shall not treat their employees differently in terms, compensation, conditions and privileges of employment because of disability.   Walmart and other Defendants violated Malauulu's civil rights and violated FEHA, when they terminated him because of his disability, despite his years of experience, skills and dedication as a Walmart employee.

18.     As a proximate result of Defendants' conduct, Malauulu suffered special damages in the form of lost earnings, benefits and/or out of pocket expenses in an amount according to proof at the time of trial.  As a further direct and proximate result of these Defendants' conduct, Malauulu suffered loss of financial stability, peace of mind and future security, and suffered embarrassment, humiliation, mental and emotional pain and distress and discomfort, all to his detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

19.     By reason of the conduct of Defendants herein, Plaintiff has retained an attorney to pursue Malauulu's claims under FEHA. Plaintiff is therefore entitled to recover reasonable attorneys fees and costs pursuant to Government Code section 12965(b), in addition to other damages as provided by law and as alleged herein.

20.     Defendants, and each of them, committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Malauulu, from an improper motive amounting to malice, and in conscious disregard of Malauulu's rights. Thus, Plaintiff is entitled to recover punitive damages from Defendants.

## SECOND CAUSE OF ACTION

## WRONGFUL TERMINATION – PUBLIC POLICY

### (Against Walmart and DOES 1 through 20)

21.     Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through 20, inclusive, as though fully set forth herein.

22.     Government Code sections 12940, et seq., embody a fundamental state public policy. These statutes contain specific language which forbids an employer and its employees from discriminating against an employee based on disability.

23.     Walmart and other Defendants singled out Malauulu and transferred him to a position just before they eliminated the position. This was done because of Malauulu's disability. Malauulu was told there was no work for him, even though new employees were being hired that very week.

24.     As a proximate result of Defendants' conduct, Malauulu suffered special damages in the form of lost earnings, benefits and/or out of pocket expenses in an amount according to proof at the time of trial. As a further direct and proximate result of these Defendants' conduct, Malauulu suffered loss of financial stability, peace of mind and future security, and suffered embarrassment, humiliation, mental and emotional pain and distress and discomfort, all to his detriment and damage in amounts not fully ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

25.     By reason of the conduct of Defendants herein, Plaintiff has retained an attorney to prosecute Malauulu's claims under FEHA.  Plaintiff is therefore entitled to recover reasonable attorneys

1  fees and costs pursuant to Government Code section 12965(b), in addition to other damages as provided
2  by law and as alleged herein.

3      26.    Defendants, and each of them, committed the acts alleged herein oppressively and
4  maliciously, with the wrongful intention of injuring Malauulu, from an improper motive amounting to
5  malice, and in conscious disregard of Malauulu's rights. Thus, Plaintiff is entitled to recover punitive
6  damages from Defendants.

7  **THIRD CAUSE OF ACTION**

8  **DISABILITY DISCRIMINATION**

9  **(Against Walmart and DOES 1 through 20)**

10      27.    Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through
11  26, inclusive, as though fully set forth herein.

12      28.    Walmart and other Defendants intentionally transferred Malauulu to a position right
13  before the position was eliminated so they could terminate him based.  This was done because of
14  Malauulu's disability.  After terminating Malauulu, Walmart gave "no work" as the reason for the
15  termination, when they were hiring new employees that week for positions for which Malauulu was
16  qualified.

17      29.    As a proximate result of Defendants' conduct, Malauulu suffered special damages in the
18  form of lost earnings, benefits and/or out of pocket expenses in an amount according to proof at the time
19  of trial.  As a further direct and proximate result of these Defendants' conduct, Malauulu suffered loss of
20  financial stability, peace of mind and future security, and suffered embarrassment, humiliation, mental
21  and emotional pain and distress and discomfort, all to his detriment and damage in amounts not fully
22  ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

23      30.    By reason of the conduct of Defendants herein, Plaintiff has retained an attorney to
24  prosecute Malauulu's claims under FEHA.  Plaintiff is therefore entitled to recover reasonable attorneys
25  fees and costs pursuant to Government Code section 12965(b), in addition to other damages as provided
26  by law and as alleged herein.

27      31.    Defendants, and each of them, committed the acts alleged herein oppressively and
28  maliciously, with the wrongful intention of injuring Malauulu, from an improper motive amounting to

6
PLAINTIFF'S COMPLAINT

1  malice, and in conscious disregard of Malauulu's rights. Thus, Plaintiff is entitled to recover punitive
2  damages from Defendants.

3  ## FOURTH CAUSE OF ACTION

4  ### AGE DISCRIMINATION

5  ### (Against Walmart and DOES 1 through 20)

6       32.     Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through
7  31, inclusive, as though fully set forth herein.

8       33.     Walmart and other Defendants intentionally transferred Malauulu to a position right
9  before the position was eliminated so they could terminate him.  This was done because Malauulu had
10  worked at Walmart for over twenty years and had earned several raises and benefits.  Walmart
11  terminated Malauulu so they could fill his position with a younger, lower paid employee.

12       34.     As a proximate result of Defendants' conduct, Malauulu suffered special damages in the
13  form of lost earnings, benefits and/or out of pocket expenses in an amount according to proof at the time
14  of trial.  As a further direct and proximate result of these Defendants' conduct, Malauulu suffered loss of
15  financial stability, peace of mind and future security, and suffered embarrassment, humiliation, mental
16  and emotional pain and distress and discomfort, all to his detriment and damage in amounts not fully
17  ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

18       35.     By reason of the conduct of Defendants herein, Plaintiff has retained an attorney to
19  prosecute Malauulu's claims under FEHA.  Plaintiff is therefore entitled to recover reasonable attorneys
20  fees and costs pursuant to Government Code section 12965(b), in addition to other damages as provided
21  by law and as alleged herein.

22       36.     Defendants, and each of them, committed the acts alleged herein oppressively and
23  maliciously, with the wrongful intention of injuring Malauulu, from an improper motive amounting to
24  malice, and in conscious disregard of Malauulu's rights. Thus, Plaintiff is entitled to recover punitive
25  damages from Defendants.

26  ///
27  ///
28  ///

1

2

3

### FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION

### (Against Walmart and DOES 1 through 20)

4   37.   Plaintiff incorporates herein by reference the allegations made in paragraphs 1 through

5   36, inclusive, as though fully set forth herein.

6   38.   Walmart and other Defendants failed to exercise reasonable care to ensure Malauulu was

7   not the victim of discrimination in the workplace.   Specifically, Defendants allowed Malauulu to be

8   singled out for termination because of his disability and age despite his years of experience and skills.

9   39.   As a proximate result of Defendants' conduct, Malauulu suffered special damages in the

10   form of lost earnings, benefits and/or out of pocket expenses in an amount according to proof at the time

11   of trial.   As a further direct and proximate result of these Defendants' conduct, Malauulu suffered loss of

12   financial stability, peace of mind and future security, and suffered embarrassment, humiliation, mental

13   and emotional pain and distress and discomfort, all to his detriment and damage in amounts not fully

14   ascertained but within the jurisdiction of this court and subject to proof at the time of trial.

15   40.   By reason of the conduct of Defendants herein, Plaintiff has retained an attorney to

16   prosecute Malauulu's claims under FEHA. Plaintiff is therefore entitled to recover reasonable attorneys

17   fees and costs pursuant to Government Code section 12965(b), in addition to other damages as provided

18   by law and as alleged herein.

19   41.   Defendants, and each of them, committed the acts alleged herein oppressively and

20   maliciously, with the wrongful intention of injuring Malauulu, from an improper motive amounting to

21   malice, and in conscious disregard of Malauulu's rights. Thus, Plaintiff is entitled to recover punitive

22   damages from Defendants.

23   ### PRAYER FOR RELIEF

24   Wherefore, Malauulu prays for judgment against the Defendants and each of them, jointly and

25   severally, as follows:

26   1.   For general and compensatory damages according to proof;

27   2.   For special damages according to proof;

28   3.   For punitive damages;

8

4.    For attorneys fees and costs pursuant to California Government Code section 12965(b) and other applicable law.

5.    For an affirmative injunction mandating the elimination of discriminatory practices by Defendants in the future relating to disability and age.

Dated: June 19, 2018                              Law Office of Jared Peterson

Jared Peterson, Esq.
Attorney for Plaintiff
Janet Malauulu

PLAINTIFF'S COMPLAINT

Exhibit "A"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

June 23, 2017

Johnny Malauulu
2003 South El Camino Real, Suite 119
Oceanside, California 92054

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 931901-297091
Right to Sue: Malauulu / Wal-Mart Stores, Inc.

Dear Johnny Malauulu,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective June
23, 2017 because an immediate Right to Sue notice was requested. DFEH will take no
further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                         DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TDD 800-700-2320
www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

Enclosures

cc:

1

2

3

4

5

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**

**BEFORE THE STATE OF CALIFORNIA**

**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

6

7

8

9

10

11

In the Matter of the Complaint of
Johnny Malauulu, Complainant.
2003 South El Camino Real, Suite 119
Oceanside, California 92054

vs.

Wal-Mart Stores, Inc., Respondent.
702 S.W. 8th Street
Bentonville, Arkansas 72716

DFEH No. 931901-297091

12

13

14

15

16

17

18

19

20

21

22

Complainant alleges:

1. Respondent **Wal-Mart Stores, Inc.** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **July 08, 2016**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination Laid-off,** . Complainant believes respondent committed these actions because of their: **Disability** .

3. Complainant **Johnny Malauulu** resides in the City of **Oceanside**, State of **California**. If complaint includes co-respondents please see below.

DFEH 902-1

-5-

*Complaint ± DFEH No. 931901-297091*

Date Filed: June 23, 2017

Date Amended: June 23, 2017

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**Additional Complaint Details:**

Mr. Malauulu has been a dedicated employee of Walmart for approximately 22 years. On April 15, 1994, Mr. Malauulu began working at the Walmart store located at 1800 University Drive, Vista, California 92083. On December 27, 1994, Mr. Malauulu was transferred to the store located on College Boulevard in Oceanside, California, which had recently opened. Over the course of the 22 years Mr. Malauulu worked at Walmart he had several different positions, including: door greeter, stocking in the health department, stocking in the food department, stocking in the frozen foods department, maintenance, returns, garden center, toys, clothes and cashier. Mr. Malauulu was a cashier for approximately five years.

In late spring of 2016, Mr. Malauulu was working in returns when he was moved to stocking in the frozen foods section. Only days after being transferred to this position, he was transferred again to stocking in the foods section. Again only days after being transferred to this position, Mr. Malauulu was moved again to the position of door greeter. After being in this position for only about one month Mr. Malauulu was informed that the store was eliminating the door greeter position and he would be laid off unless he accepted a position in maintenance, where he would be required to clean bathrooms and mop floors. The managers at the store were made aware that it would be impossible for Mr. Malauulu to perform the duties of the position because he has severe scoliosis. In addition, he was born without kneecaps and is unable to bend his legs. Mr. Malauulu asked if there were any other positions available where he could be transferred. Walmart management told him there was nothing else. Therefore, Mr. Malauulu was terminated on July 8, 2016.

Additionally, Walmart terminated Mr. Malauulu because he is 47, deciding it would be cheaper to hire a younger individual with less experience. Walmart also singled out Mr. Malauulu because of his minority status and placed him in a position where he could be terminated under the guise of a lack of work.

-6-
*Complaint ± DFEH No. 931901-297091*

DFEH 802-1

Date Filed: June 23, 2017

Date Amended: June 23, 2017

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

VERIFICATION

I, **Jared Peterson**, am the Attorney for Complainant in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On June 23, 2017, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Oceanside, California**
**Jared Peterson**

DFEH 003-1

-7-

*Complaint ± DFEH No. 931901-297091*

Date Filed: June 23, 2017

Date Amended: June 23, 2017