# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET MALAUULU, as representative for the Estate of Johnny Malauulu,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., et al.<br><br>Defendants. | CASE NO. 18cv2595-LAB (AGS)<br><br>**NOTICE OF INTENT TO CONSTRUE MOTION FOR JUDGMENT ON THE PLEADINGS AS MOTION FOR SUMMARY JUDGMENT** |

Defendant Wal-Mart has moved for judgment on the pleadings, arguing that Plaintiff Janet Malauulu lacks standing to pursue claims on behalf of her brother-in-law's estate. Dkt. 11. Because Wal-Mart's argument relies at least in part on facts outside the complaint, the Court is not persuaded that a motion for judgment on the pleadings is the appropriate vehicle for resolving this issue. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) ("[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue."). Instead, the Court intends to construe Wal-Mart's motion as one for summary judgment. Generally, when a motion for judgment on the pleadings is converted to a motion for summary judgment, the Court must provide notice to the opposing party and allow the opposing party an opportunity to "present all material made pertinent to such a motion by Rule 56." *Garaux v. Pulley,* 739 F.2d 437, 438 (9th Cir. 1984).

- 1 -

To be sure, Wal-Mart noted in its motion that the Court had the ability to *sua sponte* construe its motion as one for summary judgment, which at least arguably put Ms. Malauulu on notice that she needed to come forward with admissible evidence to rebut Wal-Mart's arguments. *See* Dkt. 11 at 5 n.3. Out of an abundance of caution, however, this Order serves as formal notice to Ms. Malauulu that the Court intends to construe Wal-Mart's motion as one for summary judgment. If Plaintiff has admissible evidence demonstrating that she is the legal representative of Mr. Malauulu's estate, she may file a supplemental response to Wal-Mart's motion no later than **July 3, 2019**.[1] By that same date, the parties must also file a joint statement of undisputed facts, as set out in Section 3.C of this Court's Standing Order.

**IT IS SO ORDERED**.

Dated: June 18, 2019

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge

---

[1] If Ms. Malauulu lacks a good-faith basis for believing she is the legal representative of the estate, she should dismiss this case rather than respond.