# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET MALAUULU, as representative for the Estate of Johnny Malauulu,<br><br>Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., et al.,<br><br>Defendants. | CASE NO. 18cv2595-LAB (AGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, CONSTRUED AS A MOTION FOR SUMMARY JUDGMENT** [Dkt. 11] |

This is a discrimination suit brought on behalf of the estate of Johnny Malauulu, a former employee of Defendant Wal-Mart who was allegedly terminated because of his disability. The motion currently before the Court, however, is not about the merits of Johnny Malauulu's claims, but rather whether Janet Malauulu, Mr. Malauulu's sister-in-law, has standing to pursue claims on behalf of the estate. The Court finds that she does not, and therefore **GRANTS** Wal-Mart's Motion for Summary Judgment.[1]

Federal Rule of Civil Procedure 17(a) requires that all actions "be prosecuted in the name of the real party in interest." In cases where the plaintiff is acting in a

---

[1] On June 19, 2019, the Court notified the parties that it intended to construe Wal-Mart's Motion for Judgment on the Pleadings as a Motion for Summary Judgment. Dkt. 19. The parties then submitted a joint statement of undisputed facts, Dkt. 21, and Ms. Malauulu filed supplemental briefing. Dkt. 22.

- 1 -

representative capacity, whether he or she is the "real party in interest" is determined by the law of the forum state. Fed. R. Civ. P. 17(b)(3). Under California law, claims of an estate may only be pursued by the personal representative of the estate or, if there isn't one, the decedent's successor-in-interest. *See* Cal. Civ. Proc. Code § 377.30.

The undisputed facts show that Ms. Malauulu is neither the personal representative of Mr. Malauulu's estate nor his successor-in-interest. As to the first point, a personal representative is the "executor, administrator, . . . or a person who performs substantially the same function under the law . . . ." Cal. Prob. Code § 58. This Court has no power to appoint a representative; only California probate courts can issue letters of administration appointing an individual as the estate's personal representative. *See Miller v. Campbell, Warburton, Fitzsimmons, Smith, Mendel & Pastore*, 162 Cal. App. 4th 1331, 1340 n.2 (2008) ("The 'personal representative' is the person or firm appointed by the probate court to administer the probate of a decedent's estate."). Letters of administration may be issued by the probate court only after (1) a probate proceeding is opened, (2) the proposed personal representative files an acknowledgment of receipt of duties and liabilities of the office of the personal representative, and (3) a court has found the requesting party meets the requirements of a personal representative. *See* Cal. Prob. Code §§ 8000, 8402, 8404-05. Ms. Malauulu first petitioned the state probate court for letters of administration on July 1, 2019, more than one year after this case was filed in state court and more than three months after Wal-Mart filed the current motion. *See* Joint Statement of Undisputed Facts ("SUF"), Dkt. 21, ¶¶ 14, 22. But it's undisputed that she was not the appointed personal representative at the time this action was commenced. *See* Cal. Civ. Proc. Code § 377.30 ("[A]n action may be *commenced* by the decedent's personal representative . . . .") (emphasis added). And it's likewise undisputed that as of this date no probate court has found that she meets the requirements to be a personal representative. *See* SUF ¶ 21. Ms. Malauulu therefore lacks standing to pursue claims on behalf of the estate as personal representative.

1  Nor does she have standing to sue as Mr. Malauulu's successor-in-interest. Where a decedent dies intestate, as Mr. Malauulu did, title to the decedent's property passes to his or her heirs, as prescribed by California's laws of succession. *See* Cal. Prob. Code § 7000. Mr. Malauulu had two brothers and one sister, each of whom is still alive. *See* SUF ¶¶ 7, 8. Mr. Malauulu's property—including his legal claims—would pass, if at all, to his siblings, not to Ms. Malauulu. Cal. Prob. Code § 6402(c). As such, Ms. Malauulu is not Mr. Malauulu's successor-in-interest. Since she is neither the personal representative of the estate nor Mr. Malauulu's successor-in-interest, she has no standing to pursue claims on behalf of the estate and is not the real party in interest.

Having determined that Ms. Malauulu is not the real party in interest to this dispute, the Court turns to the proper remedy. While dismissal is typically warranted in cases where the plaintiff is not the real party in interest, under Fed. R. Civ. P. 17(a)(3), "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." The purpose of this rule is to "prevent forfeiture of an action when determination of the right party to sue is difficult or when an understandable mistake has been made." *U.S. for Use & Benefit of Wulff v. CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989). The flip side of this rule is that in cases where the proper party *was* easy to identify at the outset and there has been no understandable mistake, the Court is not obligated to permit amendment and it should instead dismiss the case. *See, e.g., Hassanati v. Int'l Lease Fin. Corp.*, 51 F. Supp. 3d 887, 906 (C.D. Cal. 2014) (dismissing case under Rule 17(a) where the putative plaintiff "took no steps to remedy their lack of standing for more than two years after being apprised of the deficiency by the court.").

In this case, there was neither difficulty in determining the real party in interest nor an understandable mistake. As discussed above, Mr. Malauulu had three surviving siblings, including Ms. Malauulu's own husband. Instead of naming one of these siblings as plaintiff—a decision that even if ultimately legally incorrect would have been

understandable—Ms. Malauulu decided to name herself, someone with no legal relationship to Mr. Malauulu whatsoever, as plaintiff. To be sure, Ms. Malauulu alleges that she served as Mr. Malauulu's "representative" during his employment with Wal-Mart, assisted him with medical matters, and was listed as a "co-account holder on [his] bank accounts." Dkt. 22 at 5. But even accepting these allegations as true, it does not change the fact that, absent her appointment as his personal representative, she had no legal relationship to Mr. Malauulu after his death. At a minimum, she could have easily identified another individual—Mr. Malauulu's brother—who had a stronger legal claim to represent the estate, which counsels against finding her mistake "understandable."

Further, Ms. Malauulu's decision to name herself as plaintiff here is particularly problematic in light of the timing. The statutes of limitations on Mr. Malauulu's FEHA and wrongful termination claims were set to expire just days after Ms. Malauulu filed suit, and the Ninth Circuit has specifically cautioned that Rule 17(a) does not protect parties who attempt to use the rule to toll a statute of limitations. *See Wulff*, 890 F.2d at 1075 ("Rule 17(a) does not apply to a situation where a party with no cause of action files a lawsuit to toll the statute of limitations and later obtains a cause of action through assignment. Rule 17(a) is the codification of the salutary principle that an action should not be forfeited because of an honest mistake; it is not a provision to be distorted by parties to circumvent the limitations period."); *see also In re Engle Cases*, 767 F.3d 1082, 1113-14 (11th Cir. 2014) ("Rule 17 was not promulgated to allow lawyers to file placeholder actions . . . to keep a limitations periods open while they investigate their claims and track down the proper parties."). Because it appears that Ms. Malauulu's decision to file suit here was motivated at least in part by a desire to toll the statute of limitations while she secured legal standing to pursue these claims, the Court finds that dismissal is the appropriate remedy.

This conclusion is bolstered by the fact that Ms. Malauulu has been on notice of her lack of standing since at least November 11, 2018, when Wal-Mart raised lack of capacity as an affirmative defense in its answer. *See* Dkt. 4 at 8. Wal-Mart has continued

to raise the issue throughout the litigation, first during a December 10, 2018 Early Neutral Evaluation, then during a March 1, 2019 meet and confer, and finally by filing the present motion on March 13, 2019. *See* Dkts. 9, 11. But it wasn't until July 1, 2019, more than three months after Wal-Mart filed its motion and shortly after the Court notified Ms. Malauulu that it intended to construe Wal-Mart's motion as one for summary judgment, that she finally initiated probate proceedings to have herself declared personal representative of the estate. Roughly eight months have passed since Ms. Malauulu was put on notice of this deficiency. This was certainly a "reasonable time" for her to remedy the defect or to join the real party in interest. *See* Fed. R. Civ. P. 17(a)(3) (The court may not dismiss an action "until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."). Her neglect in doing so warrants dismissal.

In short, Ms. Malauulu lacks standing to pursue these claims on behalf of Johnny Malauulu's estate, and no good cause excuses her failure to name the real party in interest as plaintiff. Construed as a Motion for Summary Judgment, Wal-Mart's motion is **GRANTED**. Dkt. 11. This action is **DISMISSED WITH PREJUDICE**. The clerk is directed to enter judgment in favor of Wal-Mart and close the file.

**IT IS SO ORDERED**.

Dated: July 12, 2019

*[signature]*

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge